**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL SUGARMAN,<br><br>          Plaintiff,<br><br>     v.<br><br>MERCED COUNTY PUBLIC<br>DEFENDER, et al.,<br>          Defendants. | 1:12-cv-00728 AWI GSA PC<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>OBJECTIONS DUE IN THIRTY DAYS |

**I.     Screening Requirement**

Plaintiff is a Merced County Jail inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 9, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Plaintiff's Claims

### A.    Summary of Complaint

Plaintiff is currently housed at the Merced County Jail. Although difficult to discern from the complaint, it appears that Plaintiff is challenging the validity of his criminal process. Plaintiff names as defendants the Merced County District Attorney, an Assistant District Attorney and the Merced County Public Defender's Office. Plaintiff's statement of claim consists of a single paragraph, and is illegible.

Regarding any challenge to Plaintiff's criminal process, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Where the complaint alleges claims that sound in habeas and claims that do not, the court should allow the non-habeas claims to proceed. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir. 1984).

## III.    Conclusion and Recommendation

The only plausible claim the Court can discern is a challenge to Plaintiff's underlying

1  criminal process. Plaintiff's complaint therefore does not state any cognizable claims under section
2  1983. Because the Court finds that this deficiency is not capable of being cured by amendment, the
3  Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a
4  claim. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 20, 2012**         /s/ **Gary S. Austin**
                          UNITED STATES MAGISTRATE JUDGE